NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-231

ABRAHAM KASPARIAN, JR.

vs.

SETH G. ROMAN & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Abraham Kasparian, Jr., appeals from the dismissal of his Superior Court complaint against the defendants, Seth Roman, Steven DeYoung, Jeremy Carter, and their law firm, Carter DeYoung.  We affirm.

Background.  We briefly summarize the facts from Kasparian's complaint, accepting as true the facts alleged therein as well as any reasonable inferences fairly drawn therefrom.  See Lopez v. Commonwealth, 463 Mass. 696, 700 (2012).  Kasparian had previously filed a civil action, "Kasparian v. Cycle Services JD Signs, LLC, et al," docket number 2125-CV-000100, in the District Court (hereafter the "underlying case").  On July 15, 2021, at a deposition in the

---

[1] Steven S. DeYoung, Jeremy M. Carter, and Carter DeYoung, Attorneys at Law.

underlying case, Kasparian asked questions of the deponent.[2]  At various times during the deposition, Roman, who represented the deponent, interrupted Kasparian, insulted Kasparian's knowledge of how to conduct a deposition, and instructed the deponent not to answer certain questions.  Later during the deposition, after Kasparian asked the deponent to provide his home address (and the deponent refused to do so), Roman "stood up from the table" and said to Kasparian:

> "For the record, you're a pro se litigant.  You are in the business of bring [sic] lawsuits against each and every person or business that you interact with.  You have hundreds of lawsuits on file throughout the Commonwealth. You have a prior conviction for manslaughter . . . My client does not need to give you his home address . . . ."

Roman's comments humiliated Kasparian in front of the court reporter and the deponent, were made to cause harm to Kasparian and his business relationship with the court reporter, and caused Kasparian to have nightmares.  In addition, Kasparian did not have a prior conviction for manslaughter.[3]

Subsequently, Roman filed a document in the underlying case captioned "Defendants' Opposition to Plaintiff's Motion for Sanctions and Cross-Motion for Protective Order."  Roman appended to the filing a copy of a guardianship decree, judicial findings from the guardianship matter, and a copy of a Superior

---

[2] The deponent was also the defendant in the underlying case.
[3] As discussed, infra, Kasparian had a conviction for armed assault with intent to murder.

2

Court criminal case docket showing, inter alia, Kasparian's conviction for armed assault with intent to murder. See note 3, supra. Within the filing, Roman referred to the guardianship decree and summarized its findings as follows:

> "Since 2008, the Plaintiff has been under guardianship by reason of mental illness, Hampden Probate & Family Court, Docket No. HD07P2700GI1, having previously been committed pursuant to M.G.L. c. 123, §§ 7 and 8. He was diagnosed with schitzoaffective disorder, bipolar type, cocaine abuse, and heroin dependence, with symptoms including psychosis, mania, grandiosity, delusional thinking, and assaultive and combative behavior, treated by antipsychotic medication by court order."

In the present action, in addition to the allegations delineated above, Kasparian averred that the guardianship pleadings related to a different "Kasparian," and that Roman received Kasparian's criminal record information in violation of the Massachusetts Criminal Offender Record Information (CORI) statute, G. L. c. 6, § 172.

The defendants moved to dismiss the compliant in the present action. Following a hearing, a Superior Court judge allowed the motion "for the reasons set forth in the [defendants'] motion and memorandum." This appeal followed.

Discussion. "We review the allowance of a motion to dismiss de novo." Galiastro v. Mortgage Elec. Registration Sys., Inc., 467 Mass. 160, 164 (2014). "We accept as true the facts alleged in the plaintiffs' complaint as well as any

3

favorable inferences that reasonably can be drawn from them." Id.

Kasparian contends that the judge erred in allowing the defendants' motion to dismiss because the complaint states several causes of action.  Kasparian claims that Roman's actions in the underlying case -- including but not limited to his statements at the deposition and the content of his court filings delineated above -- were false, misleading, violated various statutes, and were actionably tortious.[4]

The defendants respond, inter alia, that all of Kasparian's claims stem from oral and written statements made by Roman in the course of litigation and are thus protected by the litigation privilege.  We agree.  The litigation privilege generally precludes civil liability based on "statements by a party, counsel or witness in the institution of, or during the course of, a judicial proceeding," as well as statements "preliminary to litigation" that relate to the contemplated proceeding.  Sriberg v. Raymond, 370 Mass. 105, 108-109 (1976).  If the privilege attaches, its protections are absolute.  See

---

[4] Kasparian's complaint included counts of violation of G. L. c. 6, § 172 (CORI statute), intentional infliction of emotional distress, negligence and gross negligence, "Violation of Protecting access to Confidential Health Care Records (PATCH Act)," libel and slander, violations of Massachusetts privacy statute, breach of the "Professional Rules of Conduct," and declaratory judgment.

4

Correllas v. Viveiros, 410 Mass. 314, 320 (1991).  See also Bassichis v. Flores, 490 Mass. 143, 150 (2022) (litigation privilege "applies regardless of malice, bad faith, or any nefarious motives on the part of the lawyer so long as the conduct complained of has some relation to the litigation" [citation omitted]).

In the present case, it cannot be disputed that Roman's comments at the deposition were made during the course of judicial proceedings.  Roman's court filings likewise must receive the same protections.  See Bassichis, 490 Mass. at 158 ("litigation privilege applies to an attorney's actions during the course of a judicial proceeding, just as it does to the attorney's communications").  Where each cause of action in Kasparian's complaint relates to statements, writings, and actions taken by Roman in the underlying case, the privilege

applies.  Accordingly, the complaint was properly dismissed.[5]

Judgment affirmed.

By the Court (Neyman, Sacks &
 Hodgens, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered:  May 5, 2023.

---

[5] To the extent that we have not specifically addressed subsidiary arguments in the parties' briefs, they have been considered, and do not warrant further discussion.  See Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[6] The panelists are listed in order of seniority.